# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| KATIA MONTIJO,<br><br>      Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC.,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-00472-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

District Judge Tena Campbell referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant Intermountain Healthcare, Inc.'s ("Intermountain") short-form discovery motion to compel Plaintiff Katia Montijo ("Ms. Montijo") to respond to Intermountain's first set of discovery requests.[2] The court now issues the instant Memorandum Decision and Order memorializing its ruling on the motion and awarding to Intermountain 80% of the reasonable expenses incurred in connection with the motion.

## BACKGROUND

Intermountain served Ms. Montijo with its first set of discovery requests on October 22, 2021.[3] On November 22, 2021, Ms. Montijo requested a three-week extension of time to respond

---

[1] ECF No. 8.

[2] ECF No. 15.

[3] ECF No. 15-1.

to Intermountain's discovery requests, which Intermountain granted.[4] On December 3, 2021, Intermountain noticed Ms. Montijo's deposition for January 19, 2022.[5] Although Ms. Montijo provided her responses to Intermountain's interrogatories on December 13, 2021, she requested an additional three weeks to respond to Intermountain's requests for production, which Intermountain again granted.[6]

On January 5, 2022, after Ms. Montijo's responses to Intermountain's requests for production were overdue, and Ms. Montijo's deposition was only two weeks away, Intermountain contacted Ms. Montijo to demand her responses.[7] Later that same day, Ms. Montijo provided her responses to the requests for production.[8] Later that same day, Intermountain sent an email to Ms. Montijo outlining certain deficiencies with her responses to Intermountain's discovery requests and offering to meet and confer concerning those deficiencies on either January 6 or 7, 2022.[9]

After Ms. Montijo did not respond to Intermountain's email, Intermountain filed its short-form motion to compel on January 10, 2022.[10] Intermountain asks the court to compel Ms.

---

[4] ECF No. 15-2.

[5] ECF No. 15-4.

[6] ECF No. 15-3.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] ECF No. 15.

Montijo to: (1) provide full responses to Intermountain's requests for production 3 and 6; (2) state whether she has withheld any responsive to requests for production 1, 2, 4, and 8-12 as a result of her objections; and (3) produce any responsive documents to requests for production 1, 2, 4, and 8-12 that she withheld; and (4) fully respond to interrogatory 5. Intermountain also seeks an award of its reasonable expenses under Fed. R. Civ. P. 37(a)(5). Ms. Montijo opposes the motion.[11] Along with her opposition, Ms. Montijo includes a January 12, 2022 letter she sent to Intermountain, which includes responses to Intermountain's January 5, 2022 email concerning the deficiencies in her responses to Intermountain's discovery requests.[12]

The court ordered expedited briefing to attempt to resolve this discovery issue before Ms. Montijo's impending deposition.[13] After reviewing the parties' submissions, the court held oral argument on the instant motion on January 13, 2022, at which Brian K. Jackson appeared for Ms. Montijo, and Christopher M. Glauser appeared for Intermountain.[14] After hearing argument from counsel, the court granted in part and denied in part Intermountain's motion and took under advisement the issue of Intermountain's request for an award of reasonable expenses. Below, the court provides its written ruling on: (I) Intermountain's discovery issues raised in its short-form motion to compel, and (II) Intermountain's request for reasonable expenses for its short-form motion.

---

[11] ECF No. 18.

[12] ECF No. 18-1.

[13] ECF No. 16.

[14] ECF No. 19.

# ANALYSIS

## I.     Intermountain's Short-Form Motion

After hearing oral argument from counsel on Intermountain's discovery issues, and for the reasons stated on the record, the court granted in part and denied in part Intermountain's short-form motion as follows:

| Discovery Request | Ruling |
|---|---|
| Interrogatory 5 | Granted. On or before 12:00 p.m. MST on January 18, 2022, Ms. Montijo must provide to Intermountain an updated, verified response to this interrogatory that specifically incorporates paragraph 33 of her complaint. |
| Requests for production 1, 8-12 | Denied as moot by the parties' agreement. |
| Request for production 2 | Granted. Ms. Montijo must produce to Intermountain any available pay stubs from her current employment. |
| Requests for production 3 and 6 | Granted. On or before 12:00 p.m. MST on January 18, 2022, Ms. Montijo must produce to Intermountain all text messages exchanged with any Intermountain employees during her employment with Intermountain. |
| Request for production 4 | Granted in part and denied in part. Although Ms. Montijo's objection to this request based upon overbreadth is well taken, Intermountain agreed during the meet-and-confer process to narrow the scope of this request to discovery related to the timing of Ms. Montijo's bankruptcy case. The court concludes that such discovery is both relevant and proportional. Ms. Montijo must produce any non-privileged, non-public documents or recorded statements from her bankruptcy proceeding relating to the timing of her bankruptcy case. |

## II.    Intermountain's Request for Reasonable Expenses

Because the court has granted in part and denied in part Intermountain's motion, Intermountain's request for an award of reasonable expenses is governed by Rule 37(a)(5)(C),

4

which provides that if a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." The court provided both parties with an opportunity to be heard on the issue of reasonable expenses during the hearing on Intermountain's motion.

The outcome of the motion warrants an award—although not at 100%—of reasonable expenses. The court granted Intermountain's motion with respect to interrogatory 5 and requests for production 2, 3, and 6. Additionally, although the court denied the motion as moot as to requests for production 1 and 8-12, a motion to compel would not have been filed had Ms. Montijo's written responses to the document requests complied with Fed. R. Civ. P. 34 by stating whether any documents were withheld because of her objections.[15] Once Ms. Montijo's counsel confirmed during oral argument that no documents were withheld, Intermountain agreed that the issue was moot. Ms. Montijo should not get the benefit of reduced fees on that issue when it would have been avoided had she followed the requirements of Rule 34.

Despite Ms. Montijo's failure to abide by the provisions of Rule 34, this error did not have to result in the filing of a short-form motion had her counsel simply communicated with Intermountain's counsel or if she had timely communicated with her counsel. After Ms. Montijo tardily produced the requested documents, Intermountain's counsel immediately notified Ms. Montijo's counsel of the deficiencies in her document production and offered on January 5, 2022, to meet and confer by suggesting some dates and times. However, Ms. Montijo's counsel never responded to this request until he filed a response to Intermountain's January 10, 2022

---

[15] Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of the objection.").

short-form motion. At any time between January 5, 2022—when Intermountain reached out about Ms. Montijo's deficient document production—and January 12, 2022—when Ms. Montijo filed her response to Intermountain's short-form motion—Ms. Montijo's counsel did not contact Intermountain's counsel to inform them that he had received Intermountain's concerns and was working on a solution. Remaining silent for that long naturally causes opposing counsel to believe that their concerns are being ignored and that filing a motion is the only way to prevent undue delay of the impending deposition. Because five days had gone by with no word from Ms. Montijo's counsel, and because her deposition was looming, Intermountain understandably filed its short-form motion. Sadly, not even the motion's filing yielded a call, text, or email from Ms. Montijo's counsel to see if working it out was possible. This lack of responsiveness was a major reason why Intermountain's motion to compel was filed, and it may have been entirely avoided.

      Counsel's argument that he needed to talk to Ms. Montijo before responding to Intermountain is not persuasive because, after having six additional weeks to meet with Ms. Montijo about her document production, her production was still deficient. Moreover, under these circumstances and with her impending deposition, Ms. Montijo has an obligation to be available to her counsel who is bringing her lawsuit. Her counsel represented that he attempted to meet with her during this period but was unable to do so until after oral argument on the instant motion on January 13, 2022. As the plaintiff, Ms. Montijo has an obligation to promptly respond to counsel's requests regarding discovery that was as significantly delayed as her production was here. This court cannot reward Ms. Montijo's document-production delay and failure to communicate with counsel—or her counsel's failure to communicate with opposing counsel—by denying fees when she or her counsel could and should have acted to at least attempt to resolve

the impetus for Intermountain's motion. Because neither she nor her counsel participated in any timely way to resolve the impetus for Intermountain's motion, fees are appropriate here, especially given the outcome of Intermountain's motion on the merits.

In acknowledging that attorney fees are warranted, the court also recognizes Ms. Montijo's overbreadth objection to request for production 4 was well taken. This is important for apportioning expenses because of the five issues discussed at the hearing on Intermountain's motion, Ms. Montijo's objections were well taken in one of the five, which amounts to 20%. Because she succeeded on 20% of her arguments, the court will apportion reasonable expenses by requiring Ms. Montijo to pay 80% of Intermountain's reasonable expenses, including attorney fees, incurred in connection with its motion.[16]

In order to properly determine the amount of the award of reasonable expenses that Intermountain shall receive from Ms. Montijo or from her counsel, Intermountain shall, within fourteen days of the date of this Memorandum Decision and Order, submit to Ms. Montijo's counsel an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, it incurred for: (1) preparing and filing the short-form motion, and (2) arguing the motion at the January 13, 2022 hearing. Please note that the court is not awarding *any* fees for oral argument preparation. The parties shall have fourteen days thereafter to attempt to stipulate to the amount of the award. If the parties can stipulate to the amount, Ms. Montijo or her counsel shall

---

[16] The table in section I. above shows that although many requests for production and one interrogatory were at issue, they can be divided into five discrete issues. Ms. Montijo's argument as to one of those arguments was well taken. The rest were not substantially justified, and the court cannot see other circumstances that warrant a reduction of fees here. Thus, she is entitled to only a 20% reduction in reasonable expenses.

pay the stipulated award to Intermountain within fourteen days thereafter. If the parties are unable to stipulate to the amount, Intermountain shall promptly file its affidavit and cost memorandum with the court. Ms. Montijo shall have seven days thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the award of reasonable expenses.

## **ORDER**

As detailed above, IT IS HEREBY ORDERED:

1. Intermountain's short-form discovery motion to compel[17] is GRANTED IN PART and DENIED IN PART.

2. Intermountain is awarded 80% of its reasonable expenses incurred in connection with its short-form motion.

IT IS SO ORDERED.

DATED this 18th day of January 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[17] ECF No. 15.