IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATIA MONTIJO,<br><br>           Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC.,<br><br>           Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:21-cv-00472-TC-JCB<br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

The court referred this case to United States Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A). Plaintiff Katia Montijo and Defendant Intermountain Healthcare, Inc. disagreed about the scope of some of Intermountain's requests for production. Judge Bennett ordered Ms. Montijo to produce "all text messages exchanged with any Intermountain employees during her employment with Intermountain." (Mem. Decision & Order at 4, ECF No. 20.) Ms. Montijo was deposed after purportedly disclosing all her text messages. During the deposition, Intermountain learned that Ms. Montijo failed to turn over some of those text messages, and it promptly moved for sanctions for Ms. Montijo's violation of the court order. (ECF No. 21.) Judge Bennett granted Intermountain's motion and reordered Ms. Montijo to comply. (ECF Nos. 25 & 26.)

Ms. Montijo has apparently still not produced the text messages, so Intermountain filed yet another motion, this time for an order to show cause hearing. (ECF No. 27.) That same day—February 22, 2022—Ms. Montijo filed an objection to Judge Bennett's two orders. (ECF No. 28.) She asks the court to reverse Judge Bennett's rulings that she produce all her text

messages and pay Intermountain's reasonable expenses regarding its short-term discovery motions.

## STANDARD OF REVIEW

An objection to a magistrate judge's discovery ruling is governed by Federal Rule of Civil Procedure 72(a).  DUCivR 37-1(f).  Under Rule 72(a), a district judge reviewing a magistrate judge's order on a nondispositive matter "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  See also 28 U.S.C. § 636(b)(1)(A).[1]  The court must affirm unless it is "left with the definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

## ANALYSIS

Ms. Montijo objects to two orders, one issued January 18, 2022, (ECF No. 20), and the other issued February 10, 2022.  (ECF No. 26.)  A party's objections to a magistrate judge's nondispositive matter must be filed within fourteen days.  Fed. R. Civ. P. 72(a).  Ms. Montijo's objection was filed thirty-five days after Judge Bennett's first order (ECF No. 20).  This objection is untimely and will not be considered.

Although her objection to Judge Bennett's second order (ECF No. 26) is technically timely, all she seeks to do is relitigate issues decided in Judge Bennett's first order.  (The second order merely reaffirmed the first order.)  Because the court is not reviewing the first order, it will

---

[1] Ms. Montijo asks the court to apply de novo review.  (Obj. at 4, ECF No. 28.)  That standard only applies to a district court's review of an order on a dispositive motion.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

not consider Ms. Montijo's objections about the relevance of non-work-related text messages,[2] whether Judge Bennett was right to impose sanctions, or whether Intermountain complied with its meet-and-confer obligations. Ms. Montijo must comply with Judge Bennett's order or face further sanctions.

After reviewing the parties' filings, the audio files from the two motion hearings, Judge Bennett's orders, and Ms. Montijo's objection, the court is convinced that none of Judge Bennett's rulings were clearly erroneous or contrary to law. Accordingly, **IT IS ORDERED** that Ms. Montijo's objection (ECF No. 28) is OVERRULED.

DATED this 24th day of February, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

---

[2] As Judge Bennett told Ms. Montijo's counsel at the January 13, 2022 hearing, the test for discovery relevance is broader than Federal Rule of Evidence 401. See, e.g., In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1189 (10th Cir. 2009); E.E.O.C. v. Thorman & Wright Corp., 243 F.R.D. 426, 429 (D. Kan. 2007).