IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATIA MONTIJO,<br><br>              Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN HEALTHCARE, INC.,<br><br>              Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING CASE**<br><br>Case No. 2:21-cv-00472-TC-JCB<br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is a Rule 37(b)(2)(A) motion to dismiss filed by Defendant Intermountain Healthcare, Inc. (ECF No. 45.) Pro se Plaintiff Katia Montijo has not responded to the motion, and the time to do so has expired. For the following reasons, the court GRANTS the motion to dismiss.

## BACKGROUND

Ms. Montijo brought this Title VII action after Intermountain terminated her from her employment as a medical assistant in 2021. During discovery, the parties disagreed about the scope of some of Intermountain's requests for production. United States Magistrate Judge Jared C. Bennett, assigned to this case under 28 U.S.C. § 636(b)(1)(A), ordered Ms. Montijo to produce "all text messages exchanged with any Intermountain employees during her employment with Intermountain." (Mem. Decision & Order at 4, ECF No. 20.) Ms. Montijo was deposed after purportedly disclosing all her text messages. During the deposition, Intermountain learned that Ms. Montijo failed to turn over some of those text messages, and it promptly moved for sanctions for Ms. Montijo's violation of the court order. (ECF No. 21.) Judge Bennett granted Intermountain's motion and reordered Ms. Montijo to comply. (ECF Nos. 25 & 26.)

Ms. Montijo still did not produce the text messages, so Intermountain filed a motion for an order to show cause hearing. (ECF No. 27.) After she filed an objection to Judge Bennett's order, which was promptly overruled by this court, Ms. Montijo was ordered to pay $938.80 related to Intermountain's bringing the text-message-related motions. (ECF No. 32.) In that order, Ms. Montijo was admonished about the possibility of imposing Rule 37 sanctions for continuing to fail to comply with the court's orders. (Id. at 3.) Judge Bennett issued an order to show cause and scheduled a show-cause hearing for March 16, 2022. (ECF No. 33.) He then awarded Intermountain $375 in expenses. (ECF No. 39.) Ms. Montijo's counsel promptly moved to withdraw from representing her, which the court allowed. (ECF No. 40.) Judge Bennett reminded Ms. Montijo that she must either obtain new counsel or file a notice of pro se appearance; otherwise, her case could be dismissed. (Id. at 1–2.) Because of this upheaval, Judge Bennett suspended the show-cause hearing. (ECF No. 41.)

As has been the pattern in this case, Ms. Montijo never responded to a single order. She did not produce the text messages, nor did she appear pro se or find new representation, nor did she pay the $375 sanction previously imposed. Intermountain asked for a new show-cause hearing, which the court set for June 2, 2022. (ECF No. 43.) Ms. Montijo did not appear, (ECF No. 44), prompting the present motion to dismiss. (ECF No. 45.)

## **ANALYSIS**

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order, a defendant may move to dismiss the action or any claim against it." Under Rule 37(b)(2)(A)(v), the court may, as a sanction for failing to comply with its discovery orders, "dismiss[] the action or proceeding in whole or in part."

"A district court undoubtedly has discretion to sanction a party for failing to prosecute . . . a case, or for failing to comply with local or federal procedural rules. Such sanctions may include dismissing the party's case with prejudice . . . ." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). "A dismissal with prejudice . . . is a harsh remedy, and the district court should ordinarily first consider certain criteria." AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009). In Ehrenhaus v. Reynolds, the Tenth Circuit identified five factors to consider in determining whether dismissal with prejudice is an appropriate sanction: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process;" "(3) the culpability of the litigant"; "(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance"; and "(5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted). "These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." Id. "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Id. (quoting Meade v. Grubbs, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

After reviewing the record, the court finds that four of the five Ehrenhaus factors favor dismissal with prejudice. Ms. Montijo has disregarded six court orders in the past six months. She still has not produced all her text messages despite being ordered to do so twice. She never responded to the court's initial order to show cause. She never appeared on her own behalf or found a new attorney. She has not paid the $375 fee award that the court ordered in March. And she never responded to the second order to show cause, nor did she appear for the hearing. The "delay and mounting attorney's fees" that Ms. Montijo has caused have prejudiced Intermountain, so the first factor supports dismissal. Ehrenhaus, 965 F.2d at 921.

3

Her repeated failure to comply with Judge Bennett's orders has wasted judicial resources and has interfered with the judicial process, so the second factor also supports dismissal. Her total lack of participation in her own case makes it difficult to assess culpability, making the third factor neutral. Yet the court notes that pro se litigants are not exempt from obeying court orders and following the Federal Rules of Civil Procedure. See, e.g., Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Ms. Montijo was warned at least twice that her inaction and inaccessibility could result in dismissal, so the fourth factor favors dismissal. And after her inaction tied up court and party resources—even after receiving lesser sanctions—it is clear that no other sanction will be effective here. The court will therefore dismiss this case with prejudice.

"[I]n addition to [dismissal], the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 36(b)(2)(C). Ms. Montijo has not shown her conduct to be substantially justified, and the court discerns no circumstances that would make a fee award against her unjust.

For those reasons, the court GRANTS Intermountain's motion to dismiss (ECF No. 45) and DISMISSES this case WITH PREJUDICE. Within fourteen days, Intermountain may move for its reasonable attorneys' fees and expenses (not already awarded) related to its efforts to secure Ms. Montijo's compliance with the court's orders.

DATED this 12th day of July, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge